# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
## (Northern Division)

**STEVEN BOEH**                                      *
2905 East Strathmore Avenue,
Baltimore, Maryland 21214                            *

      *Plaintiff*                               *

   **v.**                                          *

**AARON DAIL (J-662)**                               *
Baltimore Police Department
Southern District                                    *
242 W. 29th Street
Baltimore, Maryland 21211                            *

**SCOTT GEPHARDT (I-776)**                           *
Baltimore Police Department
Northeast District                                   *
1900 Argonne Drive
Baltimore, Maryland 21218                            *

**AIGBO ABAKU (K-169)**                              *
Baltimore Police Department
Southern District                                    *
242 W. 29th Street
Baltimore, Maryland 21211                            *

      *Defendants*                            *    Case No: **1:23-cv-01020-MJM**

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

    NOW COMES the Plaintiff, Steven Boeh, by and through his counsel, Anton L. Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendants Aaron Dail, Scott Gephardt, and Aigbo Abaku, Plaintiff Steven Boeh fully incorporates his Original Complaint herein and states further:

1

**Introduction, Jurisdiction and Parties**

1.      This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Baltimore Police Department Officers Aaron Dail, Scott Gephardt, Aigbo Abaku while acting under color of law as members of the Baltimore City Police Department. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

2.      The causes of action set forth herein concern events that occurred on March 30, 2021. That day, at approximately 10:10pm, Defendants Aaron Dail, Scott Gephardt, Aigbo Abaku made an unlawful entry into Plaintiff Steven Boeh's second floor apartment at 2905 East Strathmore Avenue, Baltimore, Maryland 21214. The named defendants, who did not have a valid arrest warrant and had not witnessed any "on view" criminal occurrence, subsequently confronted, detained and physically assaulted Plaintiff Boeh. Plaintiff Boeh suffered serious physical injuries as a direct proximate result of this occurrence.

3.      Plaintiff Boeh maintains that the named defendants made an unlawful entry into his residence, detained him without legal justification, utilized excessive force, and acted maliciously to prompt unfounded criminal charges thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, his liberty interests protected by Article 24 and 26 of the Maryland Declaration of Rights. By way of this action, Plaintiff Boeh also seeks remedies under the common law of the State of Maryland.

4.      Venue is proper in his Court, under 28 U.S.C. § 1391, as the events at issue in this Complaint occurred in Baltimore City and the named defendants were and presently are employed by the Baltimore Police Department.

5.      Notice of the claims advanced herein has been provided in a manner that is consistent with the LOCAL GOVERNMENT TORT CLAIMS ACT. On February 8, 2022, a certified letter detailing the claims advanced herein was posted to Acting Baltimore City Solicitor Dana P. Moore. A Return Receipt shows this letter to have been delivered on February 11, 2022.

6.      Plaintiff Steven Boeh (herein after referred to as "Plaintiff Boeh") maintains his Maryland State residence at 2905 East Strathmore Avenue Baltimore, Maryland 21214. He also lives on a part time basis at 313 Country Road 521, Tabernath, Colorado 80478.

7.      At all times relevant to this Complaint, Aaron Dail (J-662) (hereinafter referred to as "Defendant Dail") was a duly authorized agent, servant, and employee of the Baltimore Police Department. Defendant Dail was acting within the scope and course of his employment as a member of the Baltimore Police Department. At all times relevant to this Complaint, Defendant Dail was acting under color of law as a member of the Baltimore Police Department.

8.      At all times relevant to this Complaint, Scott Gephardt (I-776) (hereinafter referred to as "Defendant Gephardt") was a duly authorized agent, servant, and employee of the Baltimore Police Department.   Defendant Gephardt was acting within the scope and course of his employment as a member of the Baltimore Police Department.   At all times relevant to this Complaint, Defendant Gephardt was acting under color of law as a member of the Baltimore Police Department .

9.      At all times relevant to this Complaint, Officer Aigbo Abaku (K-169) (hereinafter referred to as "Defendant Abaku") was a duly authorized agent, servant, and employee of the

Baltimore Police Department. Defendant Abaku was acting within the scope and course of his employment as a member of the Baltimore Police Department.  At all times relevant to this Complaint, Defendant Abaku was acting under color of law as a member of the Baltimore Police Department .

## Factual Allegations

10.     At all times relevant to this Complaint, Plaintiff Boeh owned the premises known as 2905 East Strathmore Avenue, Baltimore Maryland 21214.

11.     At all times relevant to this Complaint, Plaintiff Boeh occupied 2905 East Strathmore Avenue on a part time basis. He was in the process of renovating the property and would live in an apartment on the second floor when present in the State of Maryland.

12.     The first floor of 2905 East Strathmore Avenue was utilized as a rental unit.

13.     Robert Salamony, Jr. rented the first-floor unit at 2905 East Strathmore Avenue on a month-to-month basis. Mr. Salamony's girlfriend, Cassie D. Bailey, had also moved into the apartment prior to March of 2021.

14.     On or about March 15, 2021, Plaintiff Boeh queried Mr. Salamony about delinquent rent payments. Plaintiff Boeh further advised Mr. Salamony that he intended to sell the property and accordingly Salamony and Bailey would need to vacate the premises. Finally, Plaintiff Boeh advised Mr. Salamony that he intended to retake possession of articles of furniture that had been lent to, and were being utilized by, Salamony and Bailey.

15.     These communications were not well received by Mr. Salamony, and as a result he became belligerent and physically assaultive. Plaintiff Boeh requested that Salamony and Bailey immediately vacate the premises in response to the outburst.

16.     Following this unfortunate turn of events, Bailey initiated a campaign to utilize the Baltimore Police Department and Maryland Court system as cudgels to harm Plaintiff Boeh.

17.     On the date of the rent dispute, March 15, 2021, Cassie Bailey completed an Application for Statement of Charges in which she alleged that she had been assaulted by Plaintiff Boeh. This prompted the initiation of the matter styled *State of Maryland v. Steven Boeh*, Maryland District Court Case No. 5B02434668. A Criminal Summons was issued in the case but it was not immediately served.

18.     Plaintiff was not arrested in connection with this first case asserted by Bailey and no pretrial conditions were established.

19.     On March 15, 2021, Cassie Bailey also filed a Petition for Peace Order against Plaintiff Boeh. This petition, which expressly identified Plaintiff Boeh as being a resident of 2905 East Strathmore Avenue, was reviewed by Commissioner Simon Mabaso. An Interim Peace Order was issued by the District Court for Baltimore City the same day in the matter styled *Cassie D. Bailey v. Steve* Boeh, District Court of Maryland Case No. 0101SP040542021.

20.     On or about March 17, 2021, Plaintiff Boeh appeared for a hearing in the matter styled *Cassie D. Bailey v. Steve Boeh,* District Court of Maryland Case No. 0101SP040542021, concerning Bailey's Peace Order Petition. Bailey was also present at the scheduled proceeding. Maryland District Court Judge Katie Murphy O'Hara denied the Peace Order after concluding that Ms. Bailey "could not meet the required burden of proof." (Attached Appendix A)

21.     Unsatisfied with the outcome of the Peace Order proceedings, on March 19, 2021, Bailey again reported that she had been assaulted by Plaintiff Boeh. Members of the Baltimore Police Department, including Defendant Gephardt responded to the call for service.

22.     Plaintiff Boeh was not present at 2905 East Strathmore Avenue when Defendant Gephardt initially responded to the call for service.

23.     Defendant Gephardt authored a Statement of Probable Cause, following his initial response to the premises, which read as follows:

> On Friday, the 19th of March, 2021, at 1229 HRS, I responded to the location of 2905 E. Strathmore Avenue for a report of an assault. Upon my arrival, I spoke with Cassie Bailey who stated that her landlord Steven Boeh had assaulted her. Ms. Bailey stated that she was involved in an argument with Mr. Boeh and as the argument escalated, Mr. Boeh picked up a bottle of Isopropyl alcohol and threw it at Ms. Bailey…. Mr., Boeh then picked up a bottle of Clorox bathroom cleaner and threw it at Ms. Bailey….

24.     Defendant Gephardt was in the process of generating his Statement of Probable cause when "another call came out for the location advising that Mr. Boeh was back" at the location. Plaintiff Boeh was subsequently located and arrested without incident at 2905 East Strathmore Avenue. This arrest gave rise to the matter styled *State of Maryland v. Steven Boeh*, Maryland District Court Case No. 5B02430440, in which Plaintiff Boeh was charged with 1 count of Second-Degree Assault and two counts of Possession of a Dangerous Weapon with Intent to Injure.

25.     The charging documents completed by Defendant Gephardt expressly stated his understanding that Plaintiff Boeh resided at 2905 East Strathmore Avenue.

26.     On March 22, 2021, Maryland District Court Judge L. Robert Cooper issued an Order allowing Plaintiff Boeh to be released on supervised Pretrial Release status in connection with the matter styled *State of Maryland v. Steven Boeh*, Maryland District Court Case No. 5B02430440.

27.    Judge Cooper's Order, which is attached hereto as Appendix B and incorporated herein by reference, directed Plaintiff Boeh to have: "No contact w/ Cassie Bailey… not engage in criminal conduct… [and to] appear in court." (Id.)

28.    Judge Cooper's Pretrial Release Order did not preclude Plaintiff Boeh from returning to his known address at 2905 East Strathmore Avenue, nor did it otherwise indicate that Plaintiff Boeh would not be permitted to enter his second-floor apartment at 2905 East Strathmore Avenue.

29.    After Plaintiff Boeh was arrested, Bailey filed another Petition for a Peace Order which promoted the issuance of an Interim Peace Order and gave rise to the matter styled *Cassie D. Bailey v. Steve Boeh,* District Court of Maryland Case no. 0101SP041332021. On March 23, 2021, the Peace Order proceeding styled *Cassie D. Bailey v. Steve Boeh,* District Court of Maryland Case No. 0101SP041332021 was marked as having been dismissed.

30.    At no time did a Temporary or Permanent Peace Order issue in connection with the matter *Cassie D. Bailey v. Steve Boeh,* District Court of Maryland Case No. 0101SP041332021. Because the proceeding was voluntarily dismissed, there was no Order and/or directive connected to the proceeding that would have acted to preclude Plaintiff Boeh from returning to his second-floor apartment at 2905 East Strathmore Avenue following the dismissal.

31.    After the Peace Order proceedings were dismissed, Plaintiff Boeh was released from detention in connection with the matter styled *State of Maryland v. Steven* Boeh, Maryland District Court Case No. 5B02430440.

32.    Plaintiff Boeh returned to his second-floor apartment at 2905 East Strathmore Avenue. He did not have any contact and/or communication with Cassie Bailey.

33.    On March 30, 2021, Cassie Bailey directly contacted Defendant Gephardt and/or Defendant Dail and requested that they arrest Plaintiff Boeh.

34.    In an Application for Statement of Charges, generated the following day by Defendant Abaku, the initiation of the police response to 2905 East Strathmore Avenue on March 30, 2021 was described as follows:

> On 3/30/2021, at approximately 2210 hrs, I responded to 2905 E. Strathmore Avenue as a backup unit for a violation of protection order. The caller, Ms. Cassie Bailey [] advised Ofc. Dail unit 4C22 and Ofc. Gephardt unit 4C23 that the apartment on the second floor should be unoccupied, but she reported she heard what sounded like people walking around in it. Ms. Bailey also advised that her landlord Mr. Steven Boeh (W/M) was released from jail 2 days prior, after he was arrested for assaulting her with objects, which was recorded under CC#4120305130. Ms. Bailey reported that as part of the condition of the pre-trail release, the court advised Mr. Boeh to stay away from the residence….

35.    Cassie Bailey did not report any direct contact and/or communication with Plaintiff Boeh to Defendant Gephardt, Dail and/or Defendant Abaku.

36.    In fact, Plaintiff Boeh, who was inside of his own second-floor apartment at 2905 East Strathmore Avenue when the defendant officers arrived on the scene, had not had any contact and/or communication with Cassie Bailey.

37.    Moreover, Plaintiff Boeh did not have any direct contact with Defendant Gephardt, Defendant Dail, Defendant Abaku and/or any other member of the Baltimore Police Department responding to the scene.

38.    Neither Defendant Gephardt, Defendant Dail, nor Defendant Abaku undertook any effort to determine whether Ms. Bailey accurately reported that a Peace Order and/or a Pretrial Release Order had issued precluding Plaintiff Boeh from being present within the second-floor apartment at 2905 East Strathmore Avenue.

39.    At the time of the police response, Defendant Gephardt had actual notice that Plaintiff Boeh owned and resided at 2905 East Strathmore Avenue. Defendant Gephardt had previously written a signed report that expressly stated that Plaintiff Boeh lived at the property.

40.    Defendant Dial, and Defendant Abaku likewise had actual and/or constructive knowledge that Plaintiff Boeh owned and resided at 2905 East Strathmore Avenue.

41.    Defendant Gephardt, Defendant Dial, and/or Defendant Abaku, never witnessed Plaintiff Boeh commit an "on-view" criminal offense, nor did they observe any conduct on the part of the Plaintiff Boeh that might have been reasonably construed to be contrary to and/or violative of the laws of the State of Maryland.

42.    Defendant Gephardt, Defendant Dial, and/or Defendant Abaku did not have probable cause, legal justification and/or any lawful authority to arrest Plaintiff Boeh.

43.    Defendant Gephardt, Defendant Dial, and/or Defendant Abaku also did not have a warrant allowing them authority to enter the second-floor apartment at 2905 East Strathmore Avenue.

44.    Defendant Gephardt, Defendant Dial, and/or Defendant Abaku also did not have a warrant allowing for the arrest and detention of Plaintiff Boeh.

45.    Defendants Gephardt and Dail nevertheless proceeded up the stairs accessing the second-floor balcony at 2905 East Strathmore Avenue with the intent of arresting Plaintiff Boeh.

46.    Upon reaching the second-floor balcony, Defendants Gephardt and Dail approached the apartment door. Neither identified themselves to be Baltimore Police Department officers, nor did they request that Plaintiff Boeh open the apartment door. When Plaintiff Boeh turned off the internal apartment light in order to diminish glare so that he could see out onto the

balcony, Defendants Gephardt and/or Dail acted to forcibly kick open the door and make entry into the dwelling.

47.    Once inside, Defendants Gephardt and Dail grabbed Plaintiff Boeh and physically removed him from the residence.

48.    Defendant Abaku ascended the stairs and joined in the ongoing assault of Plaintiff Boeh.

49.    During the happenings, all three of the defendants forcibly pulled Plaintiff Boeh's arms, kicked him and punched him.

50.    Defendant Gephardt and/or one of the other defendants on the scene discharged OC pepper spray directed at Plaintiff Boeh's head and face.

51.    Having been physically assaulted, suffering diminished vision, and fearing a continuing/evolving physical assault, Plaintiff Boeh attempted to retreat from the defendant officers. In so doing he lost his footing and fell from the second-floor balcony onto the ground contiguous with the first floor of the building.

52.    Upon impact with the ground, Plaintiff Boeh suffered serious fractures in both of his feet. These injuries rendered Plaintiff Boeh unable to stand, walk or otherwise remove himself from the scene.

53.    Despite Plaintiff's inability to move from the scene, the defendant officers failed to locate him and therefore did not arrest him on March 30, 2021.

54.    Plaintiff Boeh remained incapacitated at the scene until a friend arrived and transported him to a hospital where he underwent emergent orthopedic surgery the following morning.

55.     Defendant Abaku's March 31, 2021 Application for Statement of Charges subsequently prompted the criminal case styled *State of Maryland v. Steven Boeh*, Maryland District Court Case No. 0B02435377, in which Plaintiff Boeh was charged with two counts of assaulting a police officer, resisting arrest, and violating pretrial release conditions.

56.     Because the entry into the Boeh residence was unlawful and there was no legal justification for the encounter, Plaintiff Boeh could neither have resisted arrest nor could he have assaulted the officers. Public court records and other electronic information readily available to the defendants demonstrated that there were no active pretrial conditions pertaining to Plaintiff Boeh.

57.     Defendant Abaku's recitation of facts within the Application for Statement of Charges was knowingly inaccurate and intended to prompt a criminal prosecution of Plaintiff Boeh while simultaneously obfuscating the unlawful behavior of Defendants Gephardt, Dial, and Abaku.

58.     Defendant Abaku's Application for Statement of Charges was made in bad faith with the intent of misleading the Court, a commissioner and/or Magistrate.

59.     At all times relevant to this complaint, Defendants Gephardt, Dial, and Abaku knew or reasonably should have known that Abaku's Application for Statement of Charges contained inaccurate and misleading information intended to prompt an unfounded criminal prosecution, and that the submission of this Application would, in fact, prompt criminal proceedings against Plaintiff Boeh.

60.     Plaintiff Boeh subsequently learned he had been charged with serious crimes, and that that a warrant for his arrest had issued, based on the Application for Statement of Charges written and ratified by Defendant Abaku and otherwise endorsed by Defendants Gephardt and Dial.

61.     On or about June 1, 2021, at approximately 1:21 p.m., Plaintiff Boeh turned himself into the Baltimore County Police Department, at Precinct Number 9, 8220 Perry Hall Boulevard, Nottingham, Maryland 21236 in connection with the warrant and charges that had issued in *State v. Boeh*, Case No. 0B02435377.

62.     Plaintiff Boeh was detained for approximately twenty-four hours.

63.     On September 15, 2021, the Office of the State's Attorney for Baltimore City entered *nolle prosequi* with respect to all of the charges in *State of Maryland v. Steven Boeh*, Maryland District Court Case No. 5B02430440.

64.     On September 15, 2021, the Office of the State's Attorney for Baltimore City entered *nolle prosequi* with respect to all of the charges in *State of Maryland v. Steven Boeh*, Maryland District Court Case No Case No. 0B02435377.

65.     On September 15, 2021, the Office of the State's Attorney for Baltimore City entered *nolle prosequi* with respect to all of the charges in *State of Maryland v. Steven Boeh*, Maryland District Court Case No. 5B02434668

66.     As a direct proximate result of the conduct of Defendants Gephardt, Dial, and Abaku, Plaintiff Boeh suffered serious and permanent injuries, as well as severe mental anguish.

67.     Plaintiff Boeh has undergone serial surgical procures to address the very serious physical injuries that he suffered as a result of the improper, unjustified and unlawful encounter with Defendants Gephardt, Dial, and Abaku.

68.     Plaintiff Boeh has and will suffer permanent residual injuries that were directly and proximately caused by Defendants Gephardt, Dial, and Abaku.

69.     In addition to the physical injuries, Plaintiff Boeh suffered the following injuries and damages:

a.  Violation of his well-established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

b.  Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the use of excessive, unreasonable, and unjustified force against his person;

c.  Loss of his physical liberty;

d.  Physical pain and suffering;

e.  Emotional trauma and suffering, embarrassment, and mental anguish;

f.  Lost wages and loss of future earning potential;

g.  And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by Defendants Gephardt, Dial, and Abaku.

70.    The actions of Defendants Gephardt, Dial, and Abaku violated Plaintiff Boeh's clearly established and well settled federal and state constitutional rights affording him Freedom from the unreasonable search and seizure of his home and person; and Freedom from the use of excessive, unreasonable, and unjustified force against his person; and guarantees that municipal actors cannot act to take his life, liberty or property, without due process of law.

71.    It is the knowledge and belief of Plaintiff Boeh that Defendants Gephardt, Dial and/or Abaku were reprimanded by the Baltimore Police Department for their failing to verify the existence of the Pretrial Release conditions before initiating their improper and unlawful entry into Plaintiff Boeh's second-floor apartment at 2905 East Strathmore Avenue.

72.    It is further the knowledge and belief of Plaintiff Boed that the encounter described herein had prompted one, or more, internal investigation(s) concerning the errant conduct of Defendants Gephardt, Dial and/or Abaku

### COUNT I – TRESPASS

(*Plaintiff Steven Boeh v. Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku*)

73.    Plaintiff Boeh hereby incorporates Paragraphs 1 through 72 as if fully restated herein.

74.    Plaintiff Boeh is the owner of the property and premises located at 2905 East Strathmore Avenue, Baltimore, Maryland 21214.

75.    Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and/or Officer Aigbo Abaku (K-169) forcibly entered into the second-floor apartment of 2905 East Strathmore Avenue, Baltimore, Maryland 21214, a property owned and possessed by Plaintiff Boeh.

76.    The intrusion was unlawful, without the consent of the Plaintiff, and interfered with the possessory interests of the Plaintiff in the previously mentioned property.

77.    Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku (K-169) did not have a valid arrest warrant, had not witnessed any "on view" criminal occurrence on Plaintiff Boeh's property, and otherwise had no legal justification to enter and/or search Plaintiff Boeh's second floor apartment.

78.    Plaintiff Boeh in no way consented to or authorized the Defendants entry onto his property and/or premises.

79.    As a direct proximate result of the Defendants unlawful entry onto and within the premises known as 2905 East Strathmore Avenue, Plaintiff Boeh's property was damaged, and he suffered serious physical injuries.

## COUNT II – BATTERY

*(Plaintiff Steven Boeh v. Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku)*

80.     Plaintiff Boeh hereby incorporates Paragraphs 1 through 72 as if fully restated herein.

81.     Defendants Dial, Gephardt, and Abaku physically engaged Plaintiff Boeh by, among other things, pulling on his limbs and body, striking him, kicking him, and discharging a chemical irritant about his face and eyes. Moreover, the defendants physically engaged and maneuvered Plaintiff Boeh's person such that he was removed from the second-floor apartment and stationed on the outside balcony where he was exposed to extreme peril.

82.     Defendants Dial, Gephardt, and Abaku directed unreasonable, unlawful, and excessive force at Plaintiff Boeh.

83.     Plaintiff Boeh in no way consented to the described contact by Defendants Dial, Gephardt, and Abaku. Nor did he act in such a manner that the conduct of the defendants could be deemed to be reasonable, warranted and/or lawful.

84.     The conduct of Defendants Dial, Gephardt, and Abaku in, among other things, grabbing Plaintiff Boeh's arms and person; pulling, punching, and kicking Plaintiff Boeh; and discharging OC pepper spray about Plaintiff Boeh's head, neck and body was initiated without legal justification and was improperly motivated by ill will and actual malice including, but not limited to, a desire to inflict pain, suffering, and injury.

85.     As a direct and proximate result of the assault perpetrated by Defendants Dial, Gephardt and Abaku, Plaintiff Boeh sustained substantial damages including, but not limited to, extreme and permanent pain and suffering, permanent and debilitating injuries to his lower

extremities, humiliation, mental distress and, monetary losses. medical bills, psychological damages, and additional economic injuries.

<u>**COUNT III – FALSE IMPRISONMENT**</u>
(*Plaintiff Steven Boeh v. Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku* (K-169))

86.     Plaintiff Boeh hereby incorporates Paragraphs 1 through 72 as if fully restated herein.

87.     The actions of Defendants Dial, Gephardt, and Abaku, all of which were committed under the color of their authority as members of the Baltimore Police Department and while acting in their capacity of a duly authorized police officer, caused Plaintiff Boeh to be unlawfully deprived of his liberty, unable to escape a vicious attack, and rendered Plaintiff Boeh incapable of seeking necessary medical attention.

88.     The instances of false imprisonment include, but are not limited to, the occasion where the Plaintiff was (1) physically engaged and pulled out of his residence, (2) held on the second floor balcony, and (3) maintained at the scene following his fall from the second-story balcony and being rendered immobile.

89.     Plaintiff Boeh did not consent to the above described happenings and was detained against his will.

90.     The conduct attributed Defendants Dial, Gephardt, and Abaku demonstrated ill will, improper motivation.

91. As a result of the conduct of Defendants Dial, Gephardt, and Abaku, Plaintiff Boeh has suffered and will continue to suffer, extreme physical injuries, severe mental anguish, medical and other related expenses, and loss of income.

92. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

### COUNT IV –MALICIOUS PROSECUTION
(*Plaintiff Steven Boeh v. Defendant Officer Aigbo Abaku*)

93.     Plaintiff Boeh hereby incorporates Paragraphs 1 through 72 as if fully restated herein.

94.     As stated herein, Defendant Abaku authored an Application for Statement or Charges that included intentional misstatements and omissions of material fact. This writing prompted criminal proceedings styled *State of Maryland v. Steven Boeh*, Maryland District Court Case No. 0B02435377, in which Plaintiff Boeh was charged with two counts of assaulting a police officer, resisting arrest, and violating pretrial release conditions.

95.     Pursuant to the Application for Statement or Charges authored and executed by Defendant Abaku, a warrant was issued and, on or about June 1, 2021, Plaintiff Boeh was arrested, booked, finger-printed and detained. After being held for a substantial period of time, Plaintiff was released pending his appearance in the District Court of Maryland for Baltimore City, for trial in the aforementioned charges.

96.     Plaintiff Boeh retained counsel, anticipated being convicted and potentially being incarcerated, and otherwise experienced profound anxiety while awaiting trial on the spurious and knowingly false charges initiated by Defendant Abaku.

97.     On September 15, 2021, the Office of the State's Attorney for Baltimore City determined that the charges advanced against Plaintiff Boeh were unfounded and accordingly dismissed the matter styled *State of Maryland v. Steven Boeh*, Maryland District Court Case No Case No. 0B02435377.

98. Defendant Abaku acted with malice and without probable cause in writing the Application for Statement of Charges, causing the initiation of criminal proceedings and causing the warrant to be issued for the arrest or Plaintiff Boeh.

99. As a result of Defendant Abaku's conduct and action, Plaintiff Boeh has suffered and will continue to suffer severe mental anguish, loss of reputation, medical and other related expenses, and loss of income.

100. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

WHEREFORE, Plaintiff Steven Boeh demands judgment against Aigbo Abaku for compensatory damages and punitive damages, in amounts to be determined at trial, and for such further and additional relief as this Court deems to be just and appropriate.

## COUNT V – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEENTH AMENDMENTS
*(Plaintiff Steven Boeh v. Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku (K-169))*

101. Plaintiff Boeh hereby incorporates Paragraphs 1 through 100 as if fully restated herein.

102. At all times relevant to this Complaint, Plaintiff Boeh had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his person or property unlawfully searched, seized, or detained in an unreasonable manner; not to be deprived of his liberty without due process of the law; not to be subjected to excessive force during the course of an arrest; not to be unreasonably denied necessary medical treatment; and not to be summarily punished and/or deprived of his lifer, liberty or property without dies process of law.

103.    At all times relevant herein, Defendants Dial, Gephardt, and Abaku were acting under the color of State and local law and as members of the Baltimore Police Department. Their conduct therefore triggers 42 U.S.C. §1983.

104.    Defendants Dial, Gephardt, and Abaku's actions and omissions deprived Plaintiff Boeh of his clearly established and well-settled constitutional rights.

105.    Defendants Dial, Gephardt, and Abaku knowingly acted to deprive Plaintiff Boeh of his constitutional rights maliciously and with reckless disregard. Defendants Dial, Gephardt, and Abaku also conspired with other members of the Baltimore Police Department who were present on the scene to act in an unlawful manner that would violate the Plaintiff's Constitutional Rights.

106.    Plaintiff Boeh claims damages for the injuries set forth above under 42 U.S.C. § 1983 against Defendants Dial, Gephardt, and Abaku for violation of his constitutional rights under color of law.

### COUNT VI – VIOLATION OF
### MARYLAND DECLARATION OF RIGHTS
(*Plaintiff Steven Boeh v. Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku* (K-169))

107.    Plaintiff Boeh hereby incorporates Paragraphs 1 through 100 as if fully restated herein.

108.    The actions of Defendants Dial, Gephardt, and Abaku, all of which were committed under the color of their authority as members of the Baltimore Police Department and while acting in the capacity of duly authorized police officers, violated Plaintiff Boeh's clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26, including but not limited to: (a) Freedom from the unreasonable seizure of his person; and (b) Freedom from the use of excessive, unreasonable and unjustified force against his person.

109.    As a result of the above-described acts attributed to the Defendants Dial, Gephardt, and Abaku, Plaintiff Boeh was deprived of rights and immunities secured to him under the Maryland Declaration of Rights – in particular, his right not to be subjected to excessive force during the course of an ongoing stop, detainment, and/or arrest.

110.    As a direct consequence in result of the actions and omissions of Defendants Dial, Gephardt, and Abaku described herein, Plaintiff Boeh was deprived of his liberty; was caused to suffer physical injuries; lost time from his employment; and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant Officers.

WHEREFORE, Plaintiff Steven Boeh hereby requests that this Honorable Court:

(A)    Award him actual, compensatory, and consequential damages in an amount to be determined at trial against Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku (K-169), jointly and severally;

(B) Award him punitive damages in an amount to be determined at trial against Defendants Aaron Dail (J-662), Officer Scott Gephardt (I-776), and Officer Aigbo Abaku (K-169), jointly and severally;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP


_____-s -_____
Anton L. Iamele, Federal Bar No. 14845
201 North Charles Street, Suite 400
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
aiamele@iamelelaw.com
*Counsel for Plaintiff Steven Boeh*


## PRAYER FOR JURY TRIAL

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____/s/_____
Anton L. Iamele


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on this **10th** day of **October, 2023**, a copy of Plaintiff's First Amended Complaint and corresponding Redlined version was sent by way of electronic mail and the Court's ECF filing system to:

Christopher C. Jeffries, Esquire
Kramon & Graham, P.A.
One South Street
Suite 2600
Baltimore, MD 21202


_____/s/_____
Anton L. Iamele

21